## HATCH and others v. HALL.

### (Circuit Court, S. D. New York. April 26, 1887.)

PATENTS FOR INVENTIONS—ASSIGNMENT—TERRITORIAL RIGHTS—INFRINGEMENT.

H., who owned the right, title, and interest in an invention secured by patent for, to, and in the state of New York, sold to defendant the exclusive right to make, use, and sell the patent in New York and Brooklyn, and "sell in the state of New York, and elsewhere." Defendant furnished goods of the patent to dealers to be sold outside, and sought their custom for that purpose. *Held* an infringement by defendant, since sales by dealers would be infringements in which defendant participated, by furnishing the means for it, and by aiding and abetting it.

In Equity.

*Frank P. Prichard*, for plaintiffs.

*B. F. Watson*, for defendant.

WHEELER, J. From the pleadings and proofs it appears that one Claude L. Stillman, while the owner of reissued letters patent numbered 9,596, dated February 15, 1881, and granted to the orator William B. Hatch for improvements in spring bed bottoms, duly assigned to Nellie C. Hedley all his right, title, and interest in the invention secured by the patent, for, to, and in the state of New York, to be held and enjoyed by her during the term of the patent, "as fully and entirely as the same would have been held and enjoyed by" him "if this assignment and sale had not been made." This assignment was made and dated August 1, 1881. Stillman assigned to the orator Orilla L. Hatch, wife of William B., all his right, title, and interest in the patent, June 28, 1882. Nellie C. Hedley, on September 5, 1883, granted to the defendant, Hall, an exclusive license to make, use, and sell the patented improvement in the cities of New York and Brooklyn, "and sell in the state of New York, and elsewhere." The orators Hatch, April 1, 1884, granted to Elmer H. Grey, Joseph Hancock, and Truman H. Grey, the other orators, an exclusive license to make and sell the patented inventions in the states of Pennsylvania, New Jersey, Delaware, Maryland, Virginia, West Virginia, North Carolina, South Carolina, Florida, Alabama, Mississippi, Louisiana, Georgia, and Tennessee, and in the District of Columbia. All these conveyances and grants were duly entered of record in the patent-office. The defendant claims the right to sell in this territory by virtue of his grant from Hedley to sell in the state of New York and elsewhere. He claims that she acquired the right to make this grant to him by the force of the terms of the grant from Stillman to her, while he owned the patent; and by force of an arrangement with Mrs. Hatch and her husband while she owned it. He insists that, as Stillman was the owner of the patent, and had the right to sell the invention everywhere throughout the United States as well as in New York, his grant to her of the right for that state, to be held by her as fully as it would have been held by him if the grant had not been made, carried with it to her the

right to do whatever, out of New York, he could have done. His grant to her, however, was in terms a grant of the territorial right of that state. What was to be held by her as fully as he would have held it if he had not made the grant, was that right; no more or less. These words appear to have been merely a confirmation to her of what had been granted by preceding words. They are such as are frequently used in conveyances of land, and would not probably be thought to convey any right in any other lands than those conveyed, which the grantor might have. And the evidence fails to show satisfactorily that there was any arrangement sufficiently definite and certain between Hatch and Hedley for any right or interest in the patent, outside the written conveyances, to form the basis of any legal claim, even between the parties themselves. Hedley instituted proceedings to protect the patent against infringers, which would inure to the benefit of Hatch, and it is probable that Hatch did give Hedley to understand that if the suits should be prosecuted, and the patent sustained, Hedley should have favorable consideration in dealing with the patent, and perhaps control of it. But there was no definite agreement that Hedley would prosecute the suits to any extent, and no other consideration moving between them. At most, it was merely a friendly understanding, which either could drop at any time without incurring any liability to the other. It falls short of anything that would affect the title to the patent, especially against persons without notice of it. *Iron Wagon-Wheel Co.* v. *Iron Wagon Co.*, 20 Fed. Rep. 699. The defendant must stand upon his territorial rights, as they are shown by the record title to the patent. They furnish ample protection against the patent for making, selling, and using within the territory.

In *Adams* v. *Burke*, 17 Wall. 453, it appears to have been held, against a strong dissent, that a purchaser from one having a territorial right, of an article for mere use, did not infringe against the owner of other territory by using it there. That case is, of course, to be followed here, so far as it went, while it stands. It leaves to the defendant the right to sell within his territory for mere use outside. But it was carefully limited to what was necessary to be decided, and did not go beyond the mere use in question. It falls far short of holding that a purchaser from the owner of a territorial right, within the territory, could sell outside without infringing upon the rights of the owner of that territory. Sellers in the territory of the orators would appear to be infringers there, without reference to where they obtained the goods, if not from the orators. The defendant appears to have furnished beds of the patent to dealers, to be sold outside, and to have sought their custom for that purpose. They were infringers in making the sales, and he participated in the infringement by furnishing the means for it, and aiding and abetting it. Such a participant in the tort of infringement is liable for the whole. *Rumford Chemical Works* v. *Hecker*, 2 Ban. & A. 351; *Richardson* v. *Noyes*, Id. 398; *Cotton Tie Supply Co.* v. *McCready*, 17 Blatchf. 291; *Travers* v. *Beyer*, 26 Fed. Rep. 450; *Alabastine Co.* v. *Payne*, 27 Fed. Rep. 559.

The decision upon the motion for a preliminary injunction in this case is relied upon for the defendant in support of a right to sell for any pur-

pose within his territory. The preliminary injunction was limited to restraint of sales outside of his territory. *Hatch* v. *Hall*, 22 Fed. Rep. 438. It was not held, however, that participating in such sales by others should not be likewise restrained. Such outside dealer was held liable in *Hatch* v. *Adams*, 22 Fed. Rep. 434, with reference to this same patent, and these same territorial rights. The defendant is now held liable for aiding in the same thing.

Let there be a decree for a perpetual injunction restraining the defendant from selling, and from selling to others for sale, in the territory of the orators, and for an account of profits and damages, with costs.